IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America )<br>)<br>vs. )<br>)<br>Francisco Cazarez-Castillo, )<br>)<br>Movant. ) | Cr. No. 6:04-112-HMH<br><br>**OPINION AND ORDER** |

This matter is before the court on Francisco Cazarez-Castillo's ("Castillo") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Castillo's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Castillo is currently incarcerated at the Gilmer Federal Corrections Institute in Glenville, West Virginia. On April 27, 2004, Castillo pled guilty pursuant to a written plea agreement to one count of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; one count of violating 21 U.S.C. 841 §§ (a)(1) and 841(b)(1)(B); and one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 30, 2004, Castillo was sentenced to two hundred thirty-five (235) months' imprisonment on counts 1 and 3, and one hundred twenty (120) months' imprisonment on count 1, such terms to be served concurrently, followed by a period of supervised release, and ordered to pay monetary penalties. Castillo appealed his conviction and sentence. On March 28, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Castillo's conviction and sentence. United States v. Castillo, No. 04-4827, 2006 WL

1

538026 at *1 (4th Cir. March 6, 2006) (unpublished). Castillo filed the instant motion on November 15, 2006.[1]

On February 11, 2004, Oconee County Sheriff's Department officers stopped Jaime Brito ("Brito") for an improper lane change and found a package containing cocaine in his car. United States v. Laureano, No. 04-4811, 2005 WL 1625247, at *1 (4th Cir. July 12, 2005) (unpublished). The officers arrested Brito, and Brito agreed to complete the delivery of the package to Francisco Castillo ("Castillo") under surveillance. Brito telephoned Castillo and was instructed to deliver the package to Castillo's house. (Id.) Later, however, Brito telephoned Castillo and stated that because he had a flat tire, he would meet Castillo at an Ingles parking lot instead. However, Noe Laureano ("Laureano), Castillo's brother, arrived instead of Castillo and parked next to Brito's vehicle in the Ingles parking lot. Laureano accepted the package from Brito and placed it in his car. (Id.) When officers arrested Laureano and asked if he had drugs in his vehicle, Laureano responded, "You know what's in there, you know what a setup is." (Laureano's Trial Tr. at 96.)

In his § 2255 motion, Castillo asserts that (1) his "Sixth Amendment right to counsel was violated when he was subpoenaed to testify at a critical stage of his proceedings and denied the assistance of counsel," (2) that his "Sixth Amendment right to effective assistance of counsel was violated when his attorney, [Matthew Carruthers, Jr.], failed to appear at his co-defendant's trial, or (at the least) to notify co-counsel to appear at the trial, to assist Mr. Castillo in the process of invoking his privilege against self-incrimination," that (3) his "Sixth Amendment right to effective assistance of counsel was violated when [Carruthers] failed to

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2

object to this court's conclusion that Mr. Castillo had obstructed justice," and (4) that his "Sixth Amendment right to effective assistance of counsel was violated when his appellate attorney [Frank Eppes] failed to raise an obvious and significant winning issue on appeal." (Castillo's Mem. Supp. § 2255 Mot. 8, 14, 22, 28.)

## II. Discussion of the Law

### A. Sixth Amendment Right to Counsel

After Castillo pled guilty and while he was awaiting sentencing, Castillo was subpoenaed by Laureano and testified at his trial. Castillo argues that he was denied his Sixth Amendment right to counsel "at a critical stage of his criminal proceedings because his attorney, Matthew Carruthers, Jr. ("Carruthers"), was not present at Laureano's trial where Laureano called Castillo as a witness." (Id. 8.)

The Sixth Amendment guarantees the assistance of counsel to the defendant "at every step in the proceedings against him." Coleman v. Alabama, 399 U.S. 1, 7 (1970) (internal quotation marks omitted). Therefore, the United States Supreme Court "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." United States v. Cronic, 466 U.S. 648, 659 n.25 (1984). However, as the United States Court of Appeals for the Fourth Circuit stated in its opinion affirming Castillo's conviction and sentence, "there is no authority concerning the right to counsel during a defendant's testimony in another defendant's trial." United States v. Castillo, No. 04-4827, 2006 WL 538026 at *1 (4th Cir. March 6, 2006) (unpublished); see also United States v. Febus, 218 F.3d 784, 794 (7th Cir. 2000) (holding that the defendant's right to counsel did not apply to a co-defendant's sentencing hearing because

3

"the Sixth Amendment is inapplicable to other types of proceedings, even though they may have a critical impact on the destiny of the individual." (internal quotation marks omitted)). Laureano's trial was not a critical proceeding against Castillo. Therefore, Carruthers' absence did not give rise to a violation to Castillo's Sixth Amendment Right to counsel, and Castillo's argument is without merit.

### B. Ineffective Assistance of Counsel

Second, Castillo argues that Carruthers provided ineffective assistance of counsel by failing to appear at Laureano's trial to ensure that Castillo did not testify by invoking his "Fifth Amendment privilege against self-incrimination." (Castillo's Mem. Supp. § 2255 Mot. 14.) "[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance." Coleman v. Thompson, 501 U.S. 722, 753 (1991). As discussed in the preceding section, Castillo had no Sixth Amendment right to counsel at Laureano's trial. Therefore, Castillo's argument that he was denied effective assistance of counsel by Carruthers' absence at Laureano's trial is without merit.

### C. Obstruction of Justice Objection

Third, Castillo claims that his right to effective assistance of counsel was violated when Carruthers failed to "point out to this Court that there was an insufficient factual basis for it to apply an Obstruction of Justice enhancement to Mr. Castillo's sentence." (Castillo's Mem. Supp. § 2255 Mot. 23.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Castillo must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With

respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Castillo must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"If a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same, under the perjury definition . . . ." United States v. Dunnigan, 507 U.S. 87, 95 (1993). Perjury is defined as "false testimony concerning a material matter made with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 94. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." Id. at 95. However, "[t]he district court's determination that enhancement is required is sufficient . . . if . . . the court makes a finding of an obstruction of . . . justice that encompasses all of the factual predicates for a finding of perjury." Id.

Contrary to Castillo's claim that Carruthers made the "decision not to challenge this Court's factually insufficient belief" at Castillo's sentencing, Carruthers vigorously objected to an obstruction of justice enhancement based on perjury. (Sentencing Tr. 3-11, 16.) Specifically, Carruthers argued that Castillo accepted responsibility for previous drug sales but that Castillo testified truthfully that he was unaware that Brito was bringing him drugs on the night of Brito's arrest. (Id. 3-4.) Carruthers stated that Castillo "told the truth about his brother and then went through the entire testimony saying that as to himself that he was in fact guilty. I don't think he in any way obstructed justice in this case for himself or for his brother." (Id. 4.)

5

Despite Carruthers' arguments, the court found that Castillo had committed perjury when he denied knowing "that Mr. Brito was bringing cocaine on February 11th," and that Castillo's statements under oath were "in direct contradiction to . . . all the facts that were proven at trial that were in fact contrary." (Id. 15.) Further, the court explicitly found that Castillo "lied" about knowing that Brito was delivering cocaine on the night of Brito's arrest rather than simply becoming mistaken, forgetful, or confused regarding the issue. (Id.) Therefore, the court found that Castillo gave false testimony made with a willful intent to provide false testimony. Additionally, the court clearly considered the issue of Castillo's knowledge to be material. While the court also found that Castillo lied about whether Laureano knew about the drug delivery, the court classified this lie as "incidental" in contrast. (Id.)

Therefore, the court considered all elements required by an obstruction of justice enhancement based on perjury, and an objection by Carruthers that the court did not consider these elements would have been without merit. Further, because the court considered all three elements supporting the obstruction of justice enhancement, Castillo fails to demonstrate how an objection by counsel on this basis would have changed the outcome of the sentencing. Thus, Castillo's claim that he received ineffective assistance of counsel because of Carruthers' failure to raise constitutional issues related to his obstruction of justice enhancement is without merit.

### D. Ineffective Assistance of Counsel on Appeal

Finally, Castillo claims that his right to effective assistance of counsel was violated when his appellate attorney, Frank L. Eppes ("Eppes"), failed to challenge the obstruction of justice enhancement on appeal. (Castillo's Mem. Supp. § 2255 Mot. 28.) As discussed above, the court properly considered the elements required by an obstruction of justice enhancement

based on perjury. Therefore, an appellate argument based on this issue would have been without merit, and Eppes' decision to not raise the issue on appeal was reasonable. "[C]ounsel is not deficient for failure to raise a legally meritless claim on appeal." Moultrie v. United States, 147 F. Supp. 2d 405, 409 (D.S.C. 2001). Further, the decision regarding which issues to present on appeal is a strategic decision left to the reasonable discretion of the appellate attorney, and there is no "duty to raise every colorable claim suggested by a client." Jones v. Barnes, 463 U.S. 745, 754 (1983) (internal quotation marks omitted). Eppes did challenge the obstruction of justice enhancement on appeal, but on the grounds that Castillo was unconstitutionally denied counsel at Laureano's trial. Castillo fails to demonstrate that Eppes' decision to appeal the obstruction of justice enhancement on any other grounds was unreasonable. Therefore, Castillo's allegations fail to show that either Carruthers or Eppes acted in an objectively unreasonable manner, and that any of the alleged errors prejudiced Castillo. As such, these claims are without merit and warrant no further consideration. Based on the foregoing, Castillo's § 2255 motion is summarily dismissed.

It is therefore

**ORDERED** that Castillo's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

                                           s/Henry M. Herlong, Jr.
                                           United States District Judge

Greenville, South Carolina
January 19, 2007

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.