IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:04-112-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Francisco Cazarez-Castillo, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Francisco Cazarez-Castillo's ("Castillo") motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. After careful consideration of the motion and the record in this case, the court denies Castillo's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2004, Oconee County Sheriff's Department officers stopped Jaime Brito ("Brito") for an improper lane change and found a package containing cocaine in his car. United States v. Laureano, No. 04-4811, 2005 WL 1625247, at *1 (4th Cir. July 12, 2005) (unpublished). The officers arrested Brito, and Brito agreed to complete an intended delivery of the package to Castillo under surveillance. Brito called Castillo and was instructed to deliver the package to Castillo's house. (Id.) Later, however, Brito called Castillo and stated that because he had a flat tire, he would meet Castillo at an Ingles parking lot instead. However, Noe Laureano ("Laureano") arrived instead of Castillo and parked next to Brito's vehicle in the Ingles parking lot. Laureano accepted the package from Brito and placed it in his car. (Id.) When officers arrested Laureano and asked if he had drugs in his vehicle, Laureano responded, "You know what's in there, you know what a setup is." (Trial Tr. at 96.)

1

Castillo is currently incarcerated at the Gilmer Federal Corrections Institute in Glenville, West Virginia. On April 27, 2004, Castillo pled guilty pursuant to a written plea agreement to one count of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; one count of violating 21 U.S.C. 841 §§ (a)(1) and 841(b)(1)(B); and one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 30, 2004, Castillo was sentenced to two hundred thirty-five (235) months' imprisonment on counts 1 and 3, and one hundred twenty (120) months' imprisonment on count 1, such terms to be served concurrently, followed by a period of supervised release, and ordered to pay monetary penalties. Castillo appealed his conviction and sentence. On March 28, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Castillo's conviction and sentence. United States v. Castillo, No. 04-4827, 2006 WL 538026 at *1 (4th Cir. March 6, 2006) (unpublished).

Castillo filed a § 2255 motion on November 15, 2006. On January 5, 2007, the Government responded to Castillo's 2255 motion. On January 19, 2007, the court summarily dismissed Castillo's 2255 motion ("January 2007 Order"). On January 19, 2007, the court received Castillo's reply to the Government's response. Castillo filed the reply on January 17, 2007. On February 6, 2007, Castillo filed the instant motion to alter or amend the judgment summarily dismissing his § 2255 motion.

## II. DISCUSSION OF THE LAW

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th

Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted). Castillo rests his Rule 59(d) motion on two grounds.

### A.  Clear Error of Law

First, Castillo alleges that the court committed a clear error of law by summarily dismissing his § 2255 motion prior to receiving his reply to the Government's response. (Castillo's Mem. Supp. Rule 59(e) Mot. 3.) Castillo argues that a district court must afford a pro se movant an opportunity to respond before granting the Government's request for summary judgment. (Id.) While this is a correct statement of law, the court did not treat the Government's response as a motion for summary judgment. Instead, the court summarily dismissed Castillo's § 2255 motion. If a movant's "motion and files and records of the case conclusively show that the prisoner is entitled to no relief," the court can summarily dismiss a § 2255 motion without giving the movant an opportunity to respond to the Government's response. 28 U.S.C. § 2255. Further, Castillo presents no arguments or allegations in his reply to the Government's response which would have altered the judgment of the court. Therefore, Castillo's claim that the court's January 2007 Order should be altered to correct a clear error of law is without merit.

### B.  Manifest Injustice

Second, Castillo argues that the court should have considered whether his attorney, Matthew Carruthers, Jr. ("Carruthers"), rendered ineffective assistance of counsel when "he

3

failed to file a Motion to Squash the Subpoena and/or to inform Mr. Castillo of his [Fifth Amendment] privilege [against self-incrimination]." (Castillo's Mot. Alter J. 5.) Castillo acknowledges that this claim was not clearly presented in his § 2255 motion. However, Castillo argues that "this subclaim is implicitly raised in this primary claim [of ineffective assistance of counsel based on Carruthers' failure to attend the trial of Noe Laureano, Castillo's co-defendant]." ( Id.) Castillo argues that the court must consider the new allegations in order to prevent a manifest injustice. (Id.)

Alternatively, Castillo moves to amend his § 2255 motion pursuant to Rule 15(b) of the Federal Rules of Civil Procedure to raise the issue of whether his counsel was deficient for failing to file a motion to quash the subpoena compelling Castillo's testimony at Laureano's trial and for failing to explicitly inform Castillo that he should assert his Fifth Amendment rights against self-incrimination to avoid testifying. (Castillo's Mot. Alter J. 6-9.) For the reasons set forth below, the court finds that the order summarily dismissing Castillo's § 2255 motion should not be altered.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Castillo must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Castillo must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

After Castillo pled guilty and while he was awaiting sentencing, Castillo was subpoenaed by his co-defendant, Laureano, to testify at Laureano's trial. As a result of his testimony, Castillo was given an obstruction of justice sentence enhancement based on a finding of perjury. In his § 2255 motion, Castillo argued that he was denied his Sixth Amendment right to counsel "at a critical stage of his criminal proceedings" because Carruthers was not present at Laureano's trial during Castillo's testimony. (Castillo's § 2255 Mot. 8.) In addition, Castillo argued that Carruthers' absence at Laureano's trial constituted ineffective assistance of counsel. (Id.) The court summarily dismissed both claims based on a finding that Laureano's trial was not a critical stage of the criminal proceedings against Castillo.

The court holds that its finding that Carruthers did not render ineffective assistance of counsel is not altered by Castillo's additional arguments that Carruthers should have explicitly informed him of his Fifth Amendment right against self-incrimination and filed a motion to quash the subpoena compelling Castillo's testimony. "The interdiction of the Fifth Amendment operates only where a witness is asked to incriminate himself–in other words, to give testimony which may possibly expose him to a criminal charge." Ullmann v. United States, 350 U.S. 422, 431 (1956). In addition, a criminal defendant can invoke the Fifth Amendment after pleading guilty to avoid answering questions "that might have an adverse impact on his sentence." Mitchell v. United States, 526 U.S. 314, 327 (1999).

Castillo, however, was not compelled to testify to any facts which would have enhanced his sentence or exposed him to additional criminal charges. At Laureano's trial, Castillo testified that while he had been involved in transactions to buy drugs from Brito in the past, he denied knowing that Brito was bringing cocaine to sell to him on the night that police officers

observed Brito deliver cocaine to Laureano.  (Trial Tr. 2-9.)  Additionally, Castillo denied that Laureano was involved in the conspiracy to distribute cocaine.

Castillo's sentence was enhanced solely because the court found that Castillo committed perjury when he testified at Laureano's trial, not because Castillo was forced to testify as to facts used to enhance his sentence.  (Sentencing Tr. 15.)  By pleading guilty, Castillo had already taken the issue of whether he was involved in a conspiracy to distribute cocaine out of dispute.  See Mitchell, 526 U.S. at 323.  Because Castillo was not required to testify as to any additional facts which would tend to incriminate him, Castillo was not forced to serve "as an instrument in his . . . own condemnation" by admitting to facts which could adversely impact his sentence.  Id. at 325.  Had Castillo testified truthfully at Laureano's trial, he would have been exposed to no additional charges or sentence enhancements.  See United States v. Whittington, 786 F.2d 644, 645 (5th Cir. 1986) ("A witness may not claim the privilege of the fifth amendment out of fear that he will be prosecuted for perjury for what he is about to say. The shield against self-incrimination in such a situation is to testify truthfully . . . .").  Thus, Castillo "was simply not exposed to the cruel trilemma of self-accusation, perjury or contempt" that the Fifth Amendment guards against, and the invocation of the Fifth Amendment would not have prevented him from testifying.  Michigan v. Tucker, 417 U.S. 433, 445 (1974).

Further, "a plea agreement that states in general terms the defendant's obligation to cooperate with the government can constitute a waiver of the defendant's Fifth Amendment privilege against self-incrimination."  United States v. Scruggs, 356 F.3d 539, 546 (4th Cir. 2004); see also United States v. Wise, 603 F.2d 1101, 1104 (4th Cir. 1969) (affirming the

district court's finding that a witness had "waived his Fifth Amendment privilege by entering into the plea agreement requiring him to cooperate with the government and by testifying to his participation in [the crime] when he entered his guilty plea"). Castillo's plea agreement contained a provision which required him to be "truthful and forthright with the United States Attorney's Office for the District of South Carolina" regarding "the importation and distribution of controlled substances, money laundering, firearms offenses, income tax evasion and other unlawful activities." (Plea Agreement ¶ 4.) In addition, Castillo agreed to "testify fully and truthfully . . . at any trials or other proceedings if called upon to do so by the Attorneys for the Government . . . ." (Id.) Further, the Government agreed that with certain limited exceptions, self-incriminating information provided by Castillo would not be used against him in determining his applicable guideline range pursuant to the United States Sentencing Guidelines. (Id. ¶ 6.) Therefore, Castillo waived his Fifth Amendment rights in his plea agreement.

For the reasons set forth above, the Fifth Amendment's right against self-incrimination would not have prevented Castillo from testifying at Laureano's trial. Therefore, Castillo cannot demonstrate that Carruthers' failure to inform him of his Fifth Amendment rights or to file a motion to "squash" Castillo's testimony was either unreasonable or prejudicial.

Based on the foregoing, Castillo fails to demonstrate that the court's January 2007 Order summarily dismissing his § 2255 motion should be altered to correct a clear error of law or to prevent a manifest injustice. Therefore, Castillo's Rule 59(e) motion is denied.

Therefore, it is

**ORDERED** that Castillo's Rule 59(e) motion, docket no. 98, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 12, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.